**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**
**PITTSBURGH**

| | | |
|---|---|---|
| WALTER MOORE III, ESTATE<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) | Case No.: 2:26-mc-00968-MJH |

**OPINION**

Plaintiff, Walter Moore III, Estate, proceeding *pro se*, initiated this action against the United States of America by filing a Pro Se Form 15, Complaint for Violation of Civil Rights.[1] Because Plaintiff's Complaint fails to state any cognizable legal claim and any amendment to Plaintiff's Complaint would be futile, Plaintiff's Complaint will be dismissed without leave to amend.

## I. Background

On September 21, 2026, Plaintiff, proceeding *pro se*, initiated this action by filing a Form 15 Complaint with various other documents attached. Plaintiff's Pro Se Form 15 Complaint

[1] Plaintiff erroneously filed his lawsuit as a "miscellaneous case" but it should have been filed as a regular civil action, as a plaintiff suing a defendant for relief.

alleges that he "was born on 12 Dec[ember] 1974 at 10:54 a.m." (ECF No. 1, at 4).[2] Plaintiff alleges that "[s]ometime on or about 16 Dec[ember] 1974, [his] birth certificate was registered in Trumbull County, [Ohio]." (*Id.*). Plaintiff claims "[b]y [registering his birth certificate] all [his] God given rights were taken away and submitted For citizenship [and] privalges [sic] that [he] did not consent to." (*Id.*). Plaintiff further alleges that there was a "conspiracy to deprive [him] of [his] rights [and] property benefits." (*Id.*). Plaintiff's Complaint does not allege who conspired to deprive him of his rights, although the named Defendant is the United States of America. (*Id.* at 1). Plaintiff's Complaint alleges the following injuries: "1) Depravation [sic] of all [his] God given rights that were replaced with privalges [sic]. 2) no records exist of ever becoming a united States citizen. 3) Deprevation [sic] of all Benefits assoiated [sic] with the Birth certificate. 4) False Imprisonment." (ECF No. 1, at 5). As to relief, Plaintiff asks "to be made whole." (*Id.*). The documents Plaintiff attached to the Complaint include several affidavits drafted by him (ECF No. 2, at 3–10), a Declaration of Political Status (ECF No. 2, at 11), a Comprehensive Power of Attorney (ECF No. 1-4, at 2–6), a Revocation of Power of Attorney (ECF No. 2, at 20–24), a Notice of Intent of Perpetual Election of Withdrawal of Consent (ECF No. 2, at 25–43), and Plaintiff's birth certificate (ECF No. 1-2, at 2–3), among various other documents. (ECF Nos. 1, 2).

Since initiating this action, Plaintiff has continued filing documents with the Court. On September 25, 2026, Plaintiff filed with the Court a UCC Financing Statement (ECF No. 5, at 5–

---

[2] Pro Se Form 15, Complaint for Violation of Civil Rights (Non-Prisoner), is a form available to *pro se* litigants that helps "illustrate some types of information that are useful to have in complaints or other pleadings." *Complaint for Violation of Civil Rights (Non-Prisoner)*, U.S. Cts., https://www.uscourts.gov/forms-rules/forms/complaint-violation-civil-rights-non-prisoner [https://perma.cc/FS5B-GBZQ] (last visited Oct. 25, 2026). The form is only available for alleged violations of a plaintiff's civil rights, and it includes sections identifying the parties to the complaint, the suit's jurisdictional basis, the suit's factual basis, the plaintiff's alleged injuries, and the relief sought. *Id.*

20), a Limited Power of Attorney (ECF No. 5, at 21–22), a Hold Harmless and Indemnity Agreement (ECF No. 5, at 27–30), and several documents relating to the WKJMIII Revocable Living Trust (ECF No. 4),[3] again among various other documents. On October 2, 2026, Plaintiff filed with the Court a personal statement describing his "Injury, Damages, and Personal Impact" (ECF No. 6). On October 27, 2026, Plaintiff filed several documents related to a trademark for WALTER MOORE III. (ECF No. 8; ECF No. 8-1, at 3). On October 28, 2026, Plaintiff filed an amendment to the WKJMIII Revocable Living Trust. (ECF No. 7-1, at 2). It appears Plaintiff is attempting to place the following "assets" into the trust: 1) his Ohio driver's license, 2) exemplification records relating to Plaintiff's prior federal criminal conviction, 3) exemplification records relating to Plaintiff's prior state criminal conviction, and 4) documents relating to Plaintiff's trademark for WALTER MOORE III. (ECF No. 7-1, at 2–3).[4]

Plaintiff filed three additional documents on October 28, 2026. (ECF No. 9). First, Plaintiff filed a Document Custodian Affidavit. The Affidavit explains that Plaintiff is "intentionally relinquishing possession and control of [his] . . . authenticated Certificate of Live Birth." (ECF No. 9, at 3). Second, Plaintiff filed a letter addressed to the Court describing his efforts to surrender his birth certificate to the Clerk's Office for the Western District of Pennsylvania. (ECF No. 9, at 1–2). Third, Plaintiff filed what appears to be his official birth certificate. (ECF No. 9, at 4–6).

The documents filed on October 28, 2026, include several more allegations. In Plaintiff's personal statement, he alleges that throughout his life he has "experienced human trafficking, kidnapping, false imprisonment, and harassment by law enforcement for victimless crimes

[3] The WKJMIII Revocable Living Trust appears to be a revocable living trust created by Plaintiff. (ECF No. 4, at 1).
[4] *United States v. Moore*, No. 2:04-CR-00123 (W.D. Pa. 2005); *Commonwealth v. Moore*, No. CP-37-CR-0000692-2009 (Pa. Ct. Com. Pl. Lawrence Cnty. 2015).

involving no injured person or persons." (ECF No. 6). Plaintiff further alleges that "[d]uring periods of incarceration, [he] was separated from [his] family and deprived of [his] liberty." (*Id.*). Plaintiff alleges that he was "classified as 'Black'" by the "government and educational system" and that, as a result, "society has treated [him] and others of [his] ethnic background almost as subhuman, rather than as men . . . possessing dignity, ancestry, birthrights, and inherent rights." (*Id.*). Plaintiff alleges that his "birth certificate was registered without [his] signature or knowledge of its ramifications." (*Id.*). Plaintiff states that he "recently discovered information leading [him] to understand it as connected to an insurance policy from which [he] was supposed to receive benefits" and that "instead, [he] was treated as a trustee bearing liabilities without [his] informed consent." (*Id.*).[5] The documents repeat Plaintiff's request to "be made whole," and Plaintiff also asks this Court to enter an order "directing the Clerk to receive and preserve the original authenticated [birth certificate] for special deposit and to issue a true and certified copy evidencing its surrender." (ECF No. 6).[6] Finally, Plaintiff seems to be requesting the sum of "$100,000,000 (One Hundred Million Dollars)" in exchange for surrendering his birth certificate to the Clerk. (ECF No. 9, at 3).

## II. Legal Standard

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). If the Court is reasonably able to read a *pro se* plaintiff's complaint as stating a valid legal theory on which the litigant could prevail, it should

---

[5] Plaintiff's personal statement is unclear. The Court interprets Plaintiff's statement that he "understand[s] it as connected to an insurance policy" as an allegation that his birth certificate is connected to an insurance policy.

[6] Plaintiff attempted to deposit his original birth certificate with the Clerk of Court. On October 28, 2026, Plaintiff's original birth certificate was mailed to Plaintiff at his address of record via certified United States Postal Mail.

do so. *See Boag v. MacDougall*, 454 U.S. 364 (1982). This obligation exists despite the *pro se* litigant's failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements. *Id.* Moreover, the Court should consider any document submitted by a plaintiff intended to be a statement of claims, even if that document was not attached to the *pro se* complaint. *See Aruanno v. Main*, 318 F. App'x 66, 68 (3d Cir. 2008).

*Pro se* complaints are governed by the standard of Rule 8(a)(2). *See Erickson,* 551 U.S. at 93. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* Federal district courts may dismiss complaints *sua sponte* for failure to comply with Rule 8. *Tillio v. Northland Grp.*, 456 F. App'x 78, 79 (3d Cir. 2012). Rule 8's "plain statement" requirement is satisfied when, liberally construed, a pleading "identifies discrete defendants and the actions taken by these defendants." *Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019). There is a strong preference that plaintiffs be afforded the opportunity to test their claims on the merits. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). For that reason, a court "should freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, district courts possess discretion to deny amendment on the grounds of "undue delay, bad faith, or dilatory motive" or "futility of amendment." *Foman*, 371 U.S. at 182.

## III. Analysis

The jurisdiction section of Plaintiff's Form 15 Complaint contains writing only under the prompts discussing Section 1983 claims. (ECF No. 1, at 3–4). Plaintiff seems to allege violations of his rights by Ohio Department of Health officials and state law enforcement officers. (ECF No. 5, at 9; ECF No. 6). For these reasons, the Court interprets Plaintiff's Complaint as bringing

claims under 42 U.S.C. § 1983. In none of his filings does Plaintiff name any state official who violated his rights. The only named Defendant in Plaintiff's Complaint is the United States of America. Exhibit A-1 to the Complaint lists several other defendants, but none are individual state officials: "United States of America; United States and all of its Subdivisions, subsidiaries, territories, enclaves, and minor outlying islands; Department of the Treasury; Treasury Department; Internal Revenue Service; United States Department of State; State of Ohio; Ohio Department of Health; Bureau of Vital Statistics; Social Security Administration." (ECF No. 1-1, at 2).

Plaintiff identifies himself as a "Sovereign state Citizen," and the documents submitted to this Court are "replete with antiquated legal language associated with the 'sovereign citizen' movement." (ECF No. 4, at 14); *Prelle v. United States by Prelle*, No. 22-1453, 2022 WL 16958896, at *2 (3d Cir. Nov. 16, 2022). "According to this theory, sovereign citizens become parties to government contracts on receipt of a birth certificate and social security card." *Rivera v. United States*, 105 Fed. Cl. 644, 646 (2012).[7] Plaintiff's allegations that his rights were taken away when his birth certificate was registered are consistent with this theory. (ECF No. 1, at 4). Plaintiff's claim that he has "obtained no evidence or documentation that [he] was ever a United States citizen" is also consistent with this theory. (ECF No. 6).

Despite liberally construing Plaintiff's Complaint and the plethora of documents Plaintiff submitted, the Court finds no factual basis upon which any legally cognizable claim may rest.[8]

---

[7] The Court believes this is what Plaintiff is referring to when he states that his "birth certificate was registered without [his] signature or knowledge of its ramifications." (ECF No. 6).

[8] In addition to the lack of any factual basis to support a claim, Plaintiff is unable to maintain a viable Section 1983 claim because the United States (and federal actors) may not be sued under Section 1983. *Polsky v. United States*, 844 F.3d 170, 173 (3d Cir. 2016) (citing *Accardi v. United States*, 435 F.2d 1239, 1241 (3d Cir. 1970) ("The United States and other governmental entities are not 'persons' within the meaning of Section 1983")).

No legal cause of action exists for registering a birth certificate. *See Prelle v. United States Mint*, No. CV 24-5291, 2024 WL 4898064, at *4 (E.D. Pa. Nov. 26, 2024) (rejecting a sovereign citizen's claim that his birth certificate imposed "contractual rights, obligations, or duties"). Furthermore, Plaintiff's claims that he has "experienced human trafficking, kidnapping, false imprisonment, and harassment" lack any factual support. Plaintiff's allegations are "blanket assertion[s] of an entitlement to relief," and are insufficient to satisfy Rule 8(a)(2). *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). Of the 168 pages Plaintiff submitted to this Court, two passages are dedicated to these claims. (ECF No. 1, at 5; ECF No. 6). Both are conclusory.[9] Neither has any factual support.

In addition to failing to provide any facts showing he is "entitled to relief," Plaintiff fails to satisfy the "plain statement" requirement of Rule 8(a)(2). Even when the Court considers the co-defendants Plaintiff named in Exhibit A-1, the Court finds Plaintiff fails to identify "discrete defendants and the actions taken by these defendants." *Garrett*, 938 F.3d at 93. The only action alleged by Plaintiff that may meet the Rule 8(a) requirement is his allegation that the Ohio Department of Health registered his birth certificate. Plaintiff alleges no other action taken by any named defendant. The Court, therefore, will dismiss Plaintiff's Complaint for failing to comply with Rule 8(a) of the Federal Rules of Civil Procedure.

Additionally, this Court finds any amendment to Plaintiff's Complaint would be futile. While it is the general practice of this Court to provide a litigant at least one opportunity to amend their complaint, "Plaintiff is proceeding under legal theories not recognized in the federal

---

[9] Form 15 states: "If you sustained injuries related to the events alleged above, describe your injuries . . . ." As mentioned above, Plaintiff included a list; the fourth item on that list was "False Imprisonment." The only other mention of these claims came in Plaintiff's personal statement. The sentence at issue reads: "Throughout my life, I have experienced human trafficking, kidnapping, false imprisonment, and harassment by law enforcement for victimless crimes involving no injured person or persons."

courts." *Ritchwood v. City of Hoboken*, No. CV 24-2031, 2026 WL 1038824, at *2–3 (D.N.J. Apr. 16, 2026) (compiling cases). Sovereign citizen arguments such as the ones Plaintiff makes here have been summarily rejected across the federal judiciary. *See United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013) (observing that courts have "summarily rejected [sovereign citizens'] legal theories as frivolous"); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (explaining that a sovereign citizen's defense had "no conceivable validity in American law"). At least one court in this Circuit has found no valid legal claim where a plaintiff alleged a violation of their rights premised on the issuance of a birth certificate. *Newman v. United States*, No. CV 22-0516, 2022 WL 17555608, at *1 (D. Del. Dec. 9, 2022). *Cf. Prelle*, 2024 WL 4898064, at *4. Likewise, courts in this Circuit have rejected claims by plaintiffs seeking compensation for surrendering their birth certificates. *See Troxelle v. United States*, 319 F. App'x 176, 178 (3d Cir. 2009); *Dashiell v. Lew*, No. CV 19-1659, 2019 WL 6255175, at *1 (D. Del. Nov. 22, 2019).fn – record

## IV. Conclusion

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to comply with Rule 8. Because any amendment to Plaintiff's Complaint would be futile, leave to amend the Complaint will not be permitted.

Accordingly, the following Order is entered.

## ORDER

AND NOW, this 19th day of November 2026, it is hereby ORDERED that Plaintiff Walter Moore III's Complaint is DISMISSED. Leave to amend is not permitted.

IT IS FURTHER ORDERED that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if the petitioner desires to appeal from this Order he must do so within thirty days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P.

s/*Marilyn J. Horan*
Marilyn J. Horan
United States District Court Judge

Walter Moore, III
PO Box 5038
New Castle, PA 16105